UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 21-10540 |
| | ) | |
| L&L CONSTRUCTION SERVICES, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| Debtor | ) | Chapter 7 |
| | ) | |
| | ) | DuPage County |

## NOTICE OF MOTION

To: L&L Construction Services, LLC c/o Amy Rogers 15W660 Victory Parkway, Elmhurst, IL 60126
David M. Siegel, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090
Frank J. Kokoszka, Kokoszka & Janczur, P.C. 19 S. LaSalle St., Suite1201, Chicago, IL 60603
Ryan Hejmanowski, RNH Law 8012 Lincoln Highway, Suite 1, Frankfort, IL 60423

**PLEASE TAKE NOTICE** that on November 5, 2021, at 11:00 a.m., I will appear before the Honorable Janet S. Baer, or any other Bankruptcy Judge who may be presiding in said Judge's place and stead, and will present the **Motion of M&J Asphalt Paving Company for Relief from the Automatic Stay**, copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **160 731 2971** and the passcode is **587656**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of

Objection is timely filed, the court may grant the motion in advance without a hearing.

           M&J Asphalt Paving Company

          By:  /s/ Joel A. Schechter
             Its Attorney

Joel A. Schechter
Attorney No. 3122099
53 W. Jackson Blvd., Suite 1522
Chicago, Illinois 60604
(312) 332-0267
joel@jasbklaw.com

## CERTIFICATE OF SERVICE

  The undersigned being first duly sworn on oath deposes and says that he served the above and foregoing notice and attached motion on the above-referenced parties via first class mail, postage prepaid, on the 25th day of October, 2021, before the hour of 5:00 p.m. from 53 W. Jackson Blvd., Chicago, Illinois 60604.

           /s/ Joel A. Schechter

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 21-10540 |
| L&L CONSTRUCTION SERVICES, LLC, ) | |
| ) | HON. JANET S. BAER |
| DEBTOR ) | |
| ) | CHAPTER 7 (DUPAGE COUNTY) |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES M&J Asphalt Paving Company ("M&J"), by and through its attorney, Joel A. Schechter of the Law Offices of Joel A. Schechter, and moves the Court pursuant to 11 U.S.C. §362(d)(1) and (2) and Rule 4001 of the Federal Rules of Bankruptcy Procedure for the entry of an order modifying the automatic stay and in support thereof, states as follows:

## INTRODUCTION

This is M&J's motion for relief from the automatic stay so that M&J can file its complaint to foreclose mechanic's lien ("Complaint") in the Circuit Court of Cook County, Illinois with regard to the real property commonly known as 5933 West 115th Street, Alsip, IL ("Property"). The Debtor, L&L Construction Services, LLC ("Debtor") does not own the Property, but was the general contractor who engaged the services of M&J to perform work on the Property. M&J needs to name the Debtor as a party in its Complaint, but will not seek any affirmative relief against the Debtor.

## BACKGROUND

1. Upon information and belief, on or about April 12, 2021, the owner of the Property contracted with the Debtor whereby the Debtor, as general contractor, would perform certain construction work on the Property.

2. Thereafter, the Debtor contracted with M&J whereby M&J would furnish certain labor, equipment and materials to perform asphalt paving and striping work on the Property.

3. Pursuant to the contract with the Debtor, M&J furnished certain labor, equipment and materials to perform the asphalt paving and striping work on the Property in the total amount of $42,587.00.

4. In addition to the foregoing, the Debtor contracted with M&J whereby M&J would furnish labor, equipment and materials to perform the removal and replacement of a concrete sidewalk on the Property.

5. Pursuant to the contract with the Debtor, M&J furnished certain labor, equipment and materials to perform the removal and replacement of a concrete sidewalk on the Property in the total amount of $3,800.00.

6. On September 3, 2021, M&J recorded in the Cook County Recorder of Deeds its subcontractor's notice and claim for lien against the Property with regard to the removal and replacement of the concrete sidewalk. A copy of the claim for lien is attached hereto as Exhibit A and made a part hereof.

7. On September 3, 2021, M&J recorded in the Cook County Recorder of Deeds its subcontractor's notice and claim for lien against the Property with regard to the asphalt paving and striping work. A copy of the claim for lien is attached hereto as Exhibit B and made a part hereof.

8. M&J has not been paid for the work performed on the Property.

## CHAPTER 7 FILING

9. On September 11, 2021, the Debtor filed its voluntary petition pursuant to Chapter 7 of Title 11, U.S.C.("Case").

10. The meeting of creditors pursuant to 11 U.S.C. §341 was set for October 12, 2021, but has been continued to November 15, 2021.

### **RELIEF REQUESTED**

11. 11 U.S.C. §362(d)(1) and (2) provide for relief from the automatic stay for cause, including lack of adequate protection, and where the Debtor does not have any equity in property and the property is not necessary to an effective reorganization.

12. The Debtor does not own the Property and, therefore, has no equity and the Property is not necessary to an effective reorganization.

13. As to cause, the Debtor's schedules do not list any assets from which M&J might be paid for its mechanic's lien claims. Although the Debtor will be named as a party Defendant in the Complaint, M&J will not seek affirmative relief against the Debtor.

14. Accordingly, M&J seeks relief from the automatic stay to prosecute its Complaint.

15. M&J requests that the fourteen (14) day stay of the order for relief pursuant to FRBP 4001(a)(3) be waived.

## CONCLUSION

WHEREFORE, for the reasons stated herein, M&J Asphalt Paving Company prays the Honorable Court enter an order for relief from the automatic stay and, further, waive the fourteen (14) day stay of the order as provided in FRBP 4001(a)(3) and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

M&J Asphalt Paving Company

By:/s/ Joel A. Schechter
Its Attorney

Joel A. Schechter
Attorney No. 3122099
Law Offices of Joel A. Schechter
53 West Jackson Blvd., Suite 1522
Chicago, IL 60604
312-332-0267
joel@jasbklaw.com